APR 10 2024 PM3:00
FILED-USDC-CT-NEW HAVEN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-23-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:24CR 76 (KAD)(RMS) |
| v. | VIOLATIONS: |
| EMILY RODRIGUEZ, a.k.a. "Emy," RICARDO VERDEJO, a.k.a. "Risk," a.k.a. "Ricky," and LUIS CRUZ, a.k.a. "Goldo" | 18 U.S.C. § 371 (Conspiracy) |
| | 18 U.S.C. § 2119(2) (Carjacking) |
| | 18 U.S.C. § 924(c)(1)(A)(i) and (ii) (Carrying, Using, and Brandishing a Firearm During and In Relation to a Crime of Violence) |
| | 18 U.S.C. § 2 (Aiding and Abetting) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy)

1.    At all times relevant to this Indictment, the defendants EMILY RODRIGUEZ, a.k.a. "Emy," RICARDO VERDEJO, a.k.a. "Risk," a.k.a. "Ricky," and LUIS CRUZ, a.k.a. "Goldo," resided in Waterbury, Connecticut.

The Conspiracy

2.    Beginning in or about June 18, 2023 and continuing until at least June 25, 2023, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, RODRIGUEZ, VERDEJO, CRUZ, and others known and unknown to the Grand Jury (collectively, the "co-conspirators"), did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together and with each other and others to commit an offense against the United States, that is, with the intent to cause death and serious bodily harm, take a

motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from and in the presence of victims by force, violence, and intimidation, resulting in serious bodily injury that caused extreme physical pain, in violation of Title 18, United States Code, Section 2119(2).

<u>Manner and Means of the Conspiracy</u>

3.    The manner and means by which RODRIGUEZ, VERDEJO, CRUZ, and their co-conspirators sought to accomplish and did accomplish the object of the conspiracy included, among others, the following:

4.    It was part of the conspiracy that RODRIGUEZ, VERDEJO, CRUZ, and their co-conspirators sought to identify those who were responsible for the theft of all-terrain vehicles ("ATVs," and sometimes referred to as "Banshees") from RODRIGUEZ and VERDEJO's apartment in Waterbury in the early morning of June 18, 2023.

5.    It was further part of the conspiracy that RODRIGUEZ, VERDEJO, CRUZ, and their co-conspirators used Facebook, SMS messages, voicemails, and phone calls as means to solicit from each other and from other individuals information about the ATV theft, to identify potential perpetrators, and to apprise each other of the conspiracy.

6.    It was further part of the conspiracy that RODRIGUEZ, VERDEJO, CRUZ, and other co-conspirators identified and targeted Victim 1, whose identity is known to the Grand Jury, as someone with knowledge about the ATV theft and the location of the ATVs.

7.    It was further part of the conspiracy that RODRIGUEZ, VERDEJO, CRUZ, and their co-conspirators confronted, intimidated, harassed, threatened, and assaulted Victim 1 and one of his friends, Victim 2, whose identity is known to the Grand Jury, in an effort to obtain information about the ATV theft and the location of the ATVs.

2

8.     It was further part of the conspiracy that RODRIGUEZ, VERDEJO, CRUZ, and their co-conspirators took the car driven by Victim 2 by force, violence, and intimidation, together with Victim 1 and Victim 2's wallets and cellular phones and passcodes.

9.     It was further part of the conspiracy that RODRIGUEZ, VERDEJO, CRUZ, and their co-conspirators hid the car driven by Victim 2 to conceal the vehicle's whereabouts from Victim 1, Victim 2, their families, and law enforcement.

10.     It was further part of the conspiracy that, after the carjacking, RODRIGUEZ would and did contact Victim 1 to further threaten, harass, and intimidate Victim 1 for information about the ATV theft.

11.     It was further part of the conspiracy that RODRIGUEZ and other co-conspirators would and did contact Victim 1's girlfriend and Victim 2's mother to threaten, harass, and intimidate them as a further means to threaten, harass, and intimidate Victim 1 and Victim 2 for information about the ATV theft and the location of the ATVs.

Overt Acts

12.     In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed in the District of Connecticut and elsewhere:

a.  On or about June 18, 2023, at approximately 11:23 p.m., RODRIGUEZ, VERDEJO, CRUZ, and their co-conspirators surrounded Victim 1 and Victim 2 in multiple vehicles.

b.  A co-conspirator threatened Victim 1 by saying: "I'm gonna kill you. Imma' kill you."

c.  VERDEJO struck Victim 1 and Victim 2 in the face with the barrel of an assault-style rifle.

d.  CRUZ hit Victim 1 with one of the crutches CRUZ was using.

3

e. A co-conspirator physically assaulted Victim 1 by repeatedly hitting and kicking him.

f. A co-conspirator demanded that Victim 2 provide the passcode to his cellular phone.

g. A co-conspirator drove away with the car that Victim 2 was using at the time, a Chevy SUV with a VIN ending in 2390, the full identity of which is known to the Grand Jury.

h. On or about June 19, 2023, at approximately 12:57 a.m., one or more co-conspirators messaged Victim 2's mother from Victim 2's phone and stated in part: "I want my property the faster they return it the faster I will give the car and phone back thank you."

i. On or about June 19, 2023, at approximately 9:52 a.m., RODRIGUEZ sent a message to Victim 1's girlfriend via Facebook instructing her to "tell your boyfriend or everyone who is an accomplice that we are going to know everything is a matter of time if they either speak the good way or they are going to talk the bad way this is just beginning."

All in violation of Title 18, United States Code, Section 371.

COUNT TWO
(Carjacking)

13.    On or about June 18, 2023, in the District of Connecticut, the defendants EMILY RODRIGUEZ, a.k.a. "Emy," RICARDO VERDEJO, a.k.a. "Risk," a.k.a. "Ricky," and LUIS CRUZ, a.k.a. "Goldo," took a motor vehicle, that is, a Chevy SUV with a VIN ending in 2390, the full identity of which is known to the Grand Jury, which had been transported, shipped, and received in interstate and foreign commerce, from the person and in the presence of Victim 1 and Victim 2, whose identities are known to the Grand Jury, by force, violence, and intimidation, with

4

the intent to cause death and serious bodily harm, resulting in serious bodily injury that caused extreme physical pain to Victim 1.

In violation of Title 18, United States Code, Sections 2119(2) and 2.

COUNT THREE
(Carrying, Using, and Brandishing a Firearm During and in Relation to a Crime of Violence)

14.    On or about June 18, 2023, in the District of Connecticut, the defendant RICARDO VERDEJO, a.k.a. "Risk," a.k.a. "Ricky," did knowingly carry, use, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, carjacking, in violation of Title 18, United States Code, Section 2119(2), as set forth in Count Two of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (ii).

FORFEITURE ALLEGATION
(Carjacking Offense)

15.    Upon conviction of the carjacking offense alleged in Count Two of this Indictment, the defendants EMILY RODRIGUEZ, a.k.a. "Emy," RICARDO VERDEJO, a.k.a. "Risk," a.k.a. "Ricky," and LUIS CRUZ, a.k.a. "Goldo," shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(5), all right, title, and interest in any and all property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, from a violation of Title 18, United States Code, Section 2119, and, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461, any firearms used to facilitate violations of Title 18, United States Code, Section 2119.

16.    If any such forfeitable property, as the result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred to, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be

5

divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of such forfeitable property.

All in accordance with Title 18, United States Code, Sections 924 and 982(a)(5); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.

_____
FOREPERSON

UNITED STATES OF AMERICA

_____
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_____
DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY

_____
NATHAN J. GUEVREMONT
ASSISTANT UNITED STATES ATTORNEY

6